IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| JOSEPH BEAN, #1141587 | § |
| | § |
| V. | §    CIVIL ACTION NO. G-04-690 |
| | § |
| N/F/N DOE | § |

## **REPORT AND RECOMMENDATION**

      Plaintiff Joseph Bean, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Having reviewed Plaintiff's complaint and answers to interrogatories, this Court makes the following recommendation to the District Court.

      When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success, or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

      A Plaintiff proceeding pursuant to Section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986). In this case, Plaintiff asserts that a surveillance/monitoring system has been placed on him and all of his actions are announced through an intercom system

around the unit. He also states that prison officials have conspired and used extortion tactics against him as additional means to prevent him from bringing his claims to the Court.

Due to the vague and unusual nature of his claims, Plaintiff was ordered to answer several interrogatories; his responses basically reiterated claims made in his original complaint. The Court also asked Plaintiff to include copies of all grievances filed with reference to his claims. In response, Plaintiff included Step One and Step Two appeals to a disciplinary case in which he was found guilty of fighting. No other grievances were included. It therefore appears that Plaintiff failed to exhaust the administrative grievance process.

Section 1997e, as amended by the Prison Litigation Reform Act of 1996 (PLRA), provides that "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in any jail, prison, or other correctional facility, until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement of § 1997e "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion under the PLRA is mandatory, and the requirement is strictly construed. *See Days v. Johnson*, 322 F.3d 863 (5th Cir. 2003). Exhaustion is a prerequisite to suit even when the prisoner seeks relief not available in grievance proceedings. *See Booth v. Churner* 532 U.S. 731, 740-41 (2001). The Court does not "inquire whether administrative procedures satisfy minimum acceptable standards of fairness and effectiveness"; prisoners simply "must exhaust such administrative remedies as are available, whatever they may be." *Alexander v. Tippah County*, 351 F.3d 626, 630 (5th Cir. 2003), *cert. denied,* 541 U.S. 1012 (2004). Because it appears Plaintiff has wholly failed to exhaust the TDCJ-CID's available grievance procedures pursuant to the requirements of the PLRA, Plaintiff is barred from pursuing the instant suit.

For the foregoing reasons, this Court **RECOMMENDS** that the instant cause be **DISMISSED with prejudice for failure to exhaust administrative remedies.**

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff, who shall have until **December 11, 2006,** in which to have written objections and/or any additional grievances <u>physically on file</u> in the Office of the Clerk. **The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300**. Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the    21st    day of November, 2006.

_____
John R. Froeschner
United States Magistrate Judge